# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

EDINSON MANOLO :
MONTERROSO DE LEON :
7318 Finns Lane :
Lanham, MD 20706 :
 :
    Plaintiff, : Civil Action No.
 :
v. :
 :
CUSTOM STONESCAPING, LLC :
2755 Greenway Blvd. :
Falls Church, VA 22042 :
 :
    Serve Registered Agent: :
    Jeffrey V. Reynolds :
    2755 Greenway Blvd. :
    Falls Church, VA 22042 :
 :
    and :
 :
JEFFREY V. REYNOLDS :
2755 Greenway Blvd. :
Falls Church, VA 22042 :
 :
    Defendants. :

## **COMPLAINT**

Plaintiff, Edinson Manola Monterroso De Leon ("Plaintiff"), by and through his attorneys, Mary J. Craine Lombardo and Stein Sperling Bennett De Jong Driscoll PC, hereby files his Complaint against Custom Stonescaping, LLC and Jeffrey V. Reynolds (collectively "Defendants"), under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), stating as follows:

## INTRODUCTION

Plaintiff worked up to sixty-three hours per week for Defendants as a laborer. He was not compensated for the overtime hours he worked each week. Defendants have willfully violated

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

5096765_1

the clear and well-established minimum wage and overtime provisions of the FLSA. Plaintiff seeks compensatory and statutory damages for all unpaid overtime compensation, as well as attorneys' fees and costs.

## JURISDICTION & VENUE

1. This Court has subject matter jurisdiction over the causes of action alleged in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 216.

2. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff is an adult resident of Maryland.

4. Defendant Custom Stonescaping, LLC is a Virginia limited liability company.

5. Jeffrey V. Reynolds (the "Individual Defendant") is the principal of Custom Stonescaping, LLC.

6. At all times material herein, Defendants, in the aggregate and as a single enterprise, had annual gross volume of sales made or business done in an amount exceeding $500,000.

7. Defendants have at least two or more employees who are engaged in interstate commerce and/or handle, sell, or otherwise work on goods or materials that have been moved or produced for commerce. Defendants also process credit card transactions for customer payments and purchase equipment and inventory that move in interstate commerce.

8. At all times relevant, Defendants constituted an "enterprise" within the meaning of 29 U.S.C. § 203(r).

9. The Individual Defendant controlled the day to day operations of the business.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

10. The Individual Defendant had the power to hire, fire, suspend, and discipline Plaintiff.

11. The Individual Defendant supervised Plaintiff directly or indirectly.

12. The Individual Defendant directly or indirectly set and controlled Plaintiff's work schedule or had the power to do so.

13. The Individual Defendant directly or indirectly set and determined the rate and method of Plaintiff's pay or had the power to do so.

14. Federal courts have made clear that individual employers are liable under FLSA, if the employer met the economic reality test for "control." *Chao v. Mid-Atlantic Installation Services, Inc.*, 16 Fed Appx. 104 (2001).

15. The Individual Defendant would be an considered employer for purposes of individual liability because of his intrinsic involvement in the business

## FACTS

16. Plaintiff was employed by Defendant starting on or about January 1, 2011 up to and including during the three years prior to the filing of this action (the "Employment Period").

17. Plaintiff was paid a weekly salary during the Employment Period.

18. Plaintiff worked an average of fifty-two to sixty-three hours per week throughout the Employment Period.

19. Plaintiff was not paid one and a half times his regular hourly rate for hours worked in excess of forty per week.

20. Plaintiff is owed approximately $28,959.50 in overtime wages.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

21. Plaintiff is owed overtime wages that Defendants willfully failed and refused to pay to Plaintiff in violation of federal law.

22. By statute, Defendants are required to maintain records which document the number of days Plaintiff worked.

23. The precise number of hours worked, and wages owed, should be revealed through discovery.

24. Defendants knowingly and intentionally violated Plaintiff's rights under Maryland and federal law.

## COUNT I
## (FLSA)

25. Plaintiff adopts herein by reference paragraphs 1 through 24 above as if fully set forth herein.

26. At all times relevant hereto, each Defendant was an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

27. Defendants were engaged in "interstate commerce" within the meaning of the FLSA.

28. Plaintiff was an "employee" within the meaning of the FLSA.

29. Defendants were required to pay Plaintiff compensation at the rate of one and a half times his normal hourly wage for all hours worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a)(2).

30. Throughout the Employment Period, Defendants failed to compensate Plaintiff at the rate of one and a half times his normal hourly wage for all hours worked in excess of forty hours per week.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

31. Defendants' actions complained of herein constitute a willful violation of Sections 206 and 207 of the FLSA.

32. Defendants' violation make them liable to Plaintiff for all unpaid wages and overtime compensation, and an additional equal amount as liquidated damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants, jointly and severally, and in his favor in an amount to be determined at trial, but not less than $57,919.00, which is two times the total wages and overtime compensation owed, reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

Respectfully submitted,

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

By:     /s/ *Mary J. Craine Lombardo*
Mary J. Craine Lombardo (77768)
25 West Middle Lane
Rockville, Maryland 20850
(301) 340-2020
(301) 354-8126 – fax
mlombardo@steinsperling.com

*Attorneys for Plaintiff*

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

5

5096765_1